**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED-ED4 02 SEP 16 PM 3:04 U.S. DISTRICT COURT

DOCKETED SEP 17 2002

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.**

**UNITED FENCE COMPANY, and WOR-MAR, INC.**

**Defendants.**

**CIVIL ACTION NO.**

**COMPLAINT**

**JURY TRIAL DEMAND**

MAGISTRATE JUDGE DENLOW

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of national origin and race to provide appropriate relief to Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees who were adversely affected by such practices, and to James Jackson and a class of Black employees who were adversely affected by such practices.

**JURISDICTION AND VENUE**

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), and § 707(a) through (c) of Title VII, 42 U.S.C. §2000e-5(f)(1) §2000e-5(f)(3), and §2000e-6(a) through (c).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), 2000e-6(a-c), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), § 707(a) and §707(c) of Title VII, 42 U.S.C. §2000e-5(f)(1), §2000e-6(a), and §2000e-6(c).

6. At all relevant times, Defendant Wor-Mac, Inc. has continuously been a corporation doing business in Cook County, Illinois.

7. At all relevant times, Wor-Mac, Inc. has continuously had at least fifteen (15) employees.

8. At all relevant times, Wor-Mac, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. At all relevant times, Defendant United Fence Company has continuously been a corporation doing business in Cook County, Illinois.

10. At all relevant times, United Fence Company has continuously had at least fifteen (15) employees.

11. At all relevant times, United Fence Company has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

12. At all relevant times Wor-Mac, Inc. and United Fence Company have acted as a single or joint employer.

## STATEMENT OF CLAIMS

13. On January 11, 1999, more than thirty (30) days prior to the institution of this lawsuit, Daniel Diaz filed a charge of discrimination with the Commission alleging violations of Title VII by United Fence Company.

14. On April 16, 2002, the EEOC issued a Letter of Determination to Wor-Mac, Inc. and United Fence Company finding that Respondents had discriminated against Hispanic employees as a class, and against African-American employees as class.

15. Pursuant to 42 U.S.C. § 2000e-5(f)(1), EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII prior to institution of this lawsuit but EEOC was unable to secure an acceptable conciliation agreement.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

17. From at least January 1, 1998 until the present, Defendants have engaged in a pattern and practice of national origin discrimination against Hispanic employees in continuing violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include, but are not limited to:

(a) requiring Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees to speak only English during working hours;

(b) harassing , verbally reprimanding and threatening to terminate Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees when they spoke Spanish;

(c) subjecting Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees to harassment and a hostile work environment based on their national origin;

(d) paying Hispanic employees less than non Hispanic employees who performed substantially the same work;

(e) failing to take prompt and appropriate corrective action in response to complaints or other notice of discrimination on the basis of Hispanic national origin;

(f) causing a class of employees to resign their employment because of continued disparate treatment on the basis of their Hispanic national origin, thus constructively discharging them.

18. The result of the practices complained of in paragraph 17 has been to deprive Daniel Diaz, Roberto Gonzalez, Jesus Monreal and other Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

19. From at least January 1, 1998 until the present, Defendants have engaged in a pattern and practice of race discrimination against African-American employees in continuing violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include, but are not limited to:

(a) subjecting James Jackson and a class of African-American employees to harassment and a hostile work environment based on their race;

(b) failing to take prompt and appropriate corrective action in response to complaints or other notice of discrimination on the basis of their race;

(c) causing a class of employees to resign their employment because of continued disparate treatment on the basis of their race, thus constructively discharging them.

20. The result of the practices complained of in paragraph 19 has been to deprive James Jackson and other African-American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

21. The unlawful employment practices complained of above were and are intentional.

22. The unlawful employment practices complained of in paragraph 17 were done

with malice or with reckless indifference to the federally protected rights of Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees.

23. The unlawful employment practices complained of in paragraph 19 were done with malice or with reckless indifference to the federally protected rights of James Jackson and a class of African American employees.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of national origin or race;

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of national origin or race, and which eradicate the effects of its unlawful employment practices;

C. Order Defendants to make whole Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees constructively discharged by the unlawful practices alleged above, and James Jackson and a class of African American employees constructively discharged by the unlawful practices alleged above, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to rightful place reinstatement to those employees who were constructively discharged in violation of Title VII;

D. Order Defendants to make whole Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees adversely affected by the unlawful employment practices alleged above, and James Jackson and a class of African American employees adversely affected by the unlawful practices alleged above, and who were

constructively discharged, by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, in amounts to be determined at trial;

E. Order Defendants to make whole Daniel Diaz, Roberto Gonzalez, Jesus Monreal and a class of Hispanic employees adversely affected by the unlawful employment practices alleged above, and James Jackson and a class of African American employees adversely affected by the unlawful practices alleged above, by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

F. Order Defendants to pay punitive damages for their malicious and reckless conduct described in paragraphs 17, 19, 22 and 23 above, in amounts to be determined at trial;

G. Prohibit Defendants from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this law suit;

H. Grant such further relief as this Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by the Complaint.

DATED this 12th day of September, 2002.

Respectfully submitted,

Nicholas M. Inzeo
Acting Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory M. Gochanour
Supervisory Trial Attorney

Gordon Waldron
Senior Trial Attorney

Ann Henry
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7525

D:\Myfiles\UnitedFence\complaint.wpd







#1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**




02 SEP 16 PM 3:04
CLERK
U.S. DISTRICT COURT

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

DOCKETED
SEP 17 2002

**Plaintiff(s): U.S. Equal Employment Opportunity Commission**

County of Residence:

Plaintiff's Atty: Gordon Waldron
U.S. Equal Employment Opportunity Commission
500 W. Madison St., Suite 2800
Chicago, Illinois 60661
(312) 353-7525

**Defendant(s): United Fence Company and WOR-MAC, Inc.**

County of Residence: Cook

Defendant's Atty: Jonathan T. Georgis
Thomas Georgis and Associates
11020 S. Roberts Road
Palos Hills, IL 60465
(708) 974-4700

II. Basis of Jurisdiction: **1. U.S. Gov't Plaintiff**

**02C 6589**

JUDGE JOHN W DARRAH

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **Title VII of the Civil Rights Act of 1964, as amneded, 42 U.S.C. §2000 et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of national origin**, and race.

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** Gordon G. Waldron 9/16/02

12

 

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FILED-ED4
02 SEP 16 PM 3:04
U.S. DISTRICT COURT

DOCKETED
SEP 17 2002

In the Matter of
U.S. Equal Employment Opportunity Commission,
Plaintiff,

v.

United Fence Company, Wor-Mac, Inc.,
Defendants.

Case Number: 02C 6589

JUDGE JOHN W. DARRAH

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

U.S. Equal Employment Opportunity Commission, Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE: [signature] Gordon G. Waldron | SIGNATURE: [signature] Ann M Henry |
| NAME: Gordon Waldron | NAME: Ann M. Henry |
| FIRM: Equal Employment Opportunity Commission | FIRM: Equal Employment Opportunity Commission |
| STREET ADDRESS: 500 W. Madison St., Suite 2800 | STREET ADDRESS: 500 W. Madison St., Suite 2800 |
| CITY/STATE/ZIP: Chicago, Illinois 60661 | CITY/STATE/ZIP: Chicago, Illinois 60661 |
| TELEPHONE NUMBER: (312) 353-7525 | TELEPHONE NUMBER: (312) 353-8558 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 02920646 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 06272394 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: [signature] | SIGNATURE: [signature] |
| NAME: Gregory M. Gochanour | NAME: John C. Hendrickson |
| FIRM: Equal Employment Opportunity Commission | FIRM: Equal Employment Opportunity Commission |
| STREET ADDRESS: 500 W. Madison St., Suite 2800 | STREET ADDRESS: 500 W. Madison St., Suite 2800 |
| CITY/STATE/ZIP: Chicago, Illinois 60661 | CITY/STATE/ZIP: Chicago, Illinois 60661 |
| TELEPHONE NUMBER: (312) 886-9124 | TELEPHONE NUMBER: (312) 353-8551 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 06210804 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 01187589 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

13